# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00320-WJM-STV

SAMUEL O.P. YEISER,

　　Plaintiff,

v.

DG RETAIL, LLC,

　　Defendant.
_____

# ORDER
_____

Magistrate Judge Scott T. Varholak

　　This matter comes before the Court on Plaintiff's Motion to Amend and Reply to Defendant's Request to Amend Scheduling Order (the "Motion")[1] [#175], which has been referred to this Court [#176]. Through the Motion, Plaintiff requests: (1) a stay of this matter; (2) the issuance of interrogatories; (3) deposition testimony; (4) a status report; and (5) the appointment of advisory counsel. [#175] This Court has carefully considered the Motion and related briefing, the entire case file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the instant motion. For the following reasons, the Motion is **GRANTED IN PART and DENIED IN PART**.

---

[1] Because Plaintiff is proceeding *pro se*, the Court must liberally construe his pleadings and hold them to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, cannot "assume the role of advocate for the *pro se* litigant." *Id.*

**I.  Request for Stay**

Plaintiff's Motion requests a stay of these proceedings for an unspecified duration of time.  [#175 at 1-2]  Although the Federal Rules of Civil Procedure do not explicitly provide for a stay of proceedings, "the Court has construed Fed. R. Civ. P. 26(c) to permit a stay of discovery for good cause, to protect a party from undue burden or expense." *Bitco Gen. Ins. Corp. v. Genex Constr. LLC*, No. 16-CV-1084-WJM-NYW, 2016 WL 8608452, at *1 (D. Colo. Sept. 13, 2016) (quotation omitted).  Stays, however, "are generally disfavored in this district." *Id.* "The party who seeks a stay of discovery has the burden of demonstrating good cause" and generally must provide "a particular and specific demonstration of fact in support of the request for a stay." *Id.* (quotation omitted).

Here, Plaintiff offers several rationales for the requested stay, but each is presented in a conclusory fashion and none provides good cause for the requested stay. First, Plaintiff contends that a stay is justified, because he has filed a direct appeal of the state court criminal conviction that resulted from the incident at issue in this lawsuit. Plaintiff states only that the appeal "will greatly effect the outcome of this Civil Action," without offering any explanation of how this civil lawsuit alleging racial discrimination in violation of 42 U.S.C. §§ 1981 and 1982, premises liability, and defamation of character against a retail store would be affected by the appeal.  [#175 at 1-2]  Plaintiff's conclusory statement that the appeal "will greatly effect the outcome" of this case is insufficient to sustain his burden to demonstrate good cause.

Second, Plaintiff states that, "[i]n this stage of the Civil Action, the Plaintiff must be give[n] more time to adequately prepare for the up and coming trial."  [#175 at 2] In support, Plaintiff contends that, due to his incarceration, "deposition hearings may take

2

more time to set up than if he was not in prison" and "it is axiomatic that the Plaintiff would not have a fair opportunity to prepare any legal dispositions under the current scheduling order." [*Id.*] As a preliminary matter, the Court notes that, although Plaintiff contends that the current schedule does not allow sufficient time for him to prepare for trial, no trial date has yet been set in this matter. To the extent Plaintiff seeks an extension of the discovery deadline, he has failed to provide support for such an extension. Although Plaintiff contends that the scheduling of depositions *may* take more time to set up, he does not explain what diligent efforts he has undertaken to schedule such depositions under the current schedule or offer any timeframe for the requested extension. Plaintiff's conclusory statements about the need for additional time for depositions and trial preparation thus are insufficient to establish good cause for a stay.

Third, Plaintiff requests a stay to allow him sufficient time "to seek professional counsel, before proceeding without proper research into this Civil Action prior to trial, or pre-trial litigations." [#175 at 2] Plaintiff filed this lawsuit over 16 months ago, in February 2018. [#1] At that time, Plaintiff sought the appointment of pro bono counsel and certified to the Court that he was unable "to retain an attorney by other means." [#5] In seeking the stay, Plaintiff offers no explanation for why he has not previously sought to seek professional counsel or, if he has, why he anticipates a different result to his search now. The Court thus does not find good cause to enter a stay based upon Plaintiff's expressed desire to seek professional counsel.

Accordingly, Plaintiff's Motion is **DENIED** to the extent it seeks a stay.

**II.     Interrogatories**

Plaintiff next seeks the production of certain information and documents from Defendant.[2]  [#175 at 2]   Pursuant to D.C.COLO.LCivR 5.3(b), "[t]o achieve electronic service, an unrepresented prisoner who is proceeding in forma pauperis may file written discovery requests under Fed. R. Civ. P. 31, 33, 34, and 36."

Accordingly, Plaintiff's Motion is **GRANTED** to the extent it seeks service of Plaintiff's requests for the production of information from Defendant.  Plaintiff's four requests for information in Paragraph 2 of his Motion thus are construed as Requests for Production pursuant to Rule 34 and Interrogatories pursuant to Rule 33 and those requests shall be deemed served upon Defendant as of the date of filing of this Order— June 26, 2019.

Plaintiff is advised that any future requests for discovery pursuant to Rules 31, 33, 34, and 36 should be drafted as independent documents—separate from any motion— and filed with the Court to effect service pursuant to D.C.COLO.LCivR 5.3(b).

**III.    Depositions**

In addition, Plaintiff requests "a Deposition Hearing for witness testimony" from various individuals.  [#175 at 3]  Plaintiff fails to cite to any authority for his request.  Absent certain circumstances that do not appear to be present here, "[a] party may, by oral questions, depose any person, including a party, without leave of court."  Fed. R. Civ. P.

---

[2] Although Plaintiff refers to the requests for information as "Interrogatories," a couple of the requests appear to seek the production of documents.  The Court thus liberally construes the requests as requests for documents pursuant to Fed. R. Civ. P. 34 and Interrogatories pursuant to Fed. R. Civ. P. 33.

30(a)(1).  Fed. R. Civ. P. 31(a)(1) provides for the deposition of persons by written questions without leave of the Court.

To the extent Plaintiff seeks to depose Defendant, by oral questions, he should serve Defendant with a Notice of Deposition that conforms to the requirements of Rule 30.  To the extent Plaintiff seeks to depose Defendant by written questions, he may file a notice of deposition by written questions that conforms to the requirements of Rule 31 with the Court to effect service.  *See* D.C.COLO.LCivR 5.3(b)

To the extent Plaintiff seeks to compel the depositions—whether by oral questions or written questions—of non-parties to this litigation, he must serve the party to be deposed with a subpoena pursuant to Fed. R. Civ. P. 45.  *See* Fed. R. Civ. P. 30(a)(1), 31(a)(1).  Rule 45 sets forth the requirements for the form, contents, and service of subpoenas.  The Court specifically notes: (1) pursuant to Rule 45(b)(1), if the subpoena requires the person's attendance at a deposition, witness fees and mileage must be tendered at the time of service;[3] and (2) courts in this District have found service of a subpoena by mail "insufficient to constitute service" under Rule 45.  *See Handy v. Diggins*, No. 10-CV-02022-WYD-KMT, 2012 WL 2890961, at *1 (D. Colo. July 16, 2012).

Because Plaintiff is incarcerated and proceeding in forma pauperis, it appears likely that any subpoena requested by Plaintiff would have to be served by the United States Marshal.  In order to ensure the proper and efficient expenditure of the Court's and

---

[3] One day's attendance fee for a witness is currently set by statute at $40.  28 U.S.C. § 1821(b).  Mileage is payable based on distances and rates established by the General Services Administration ("GSA").  *See id.* § 1821(c)(2).  The current mileage rate is $0.58 cents per mile for privately owned vehicles, according to the GSA's website.  *See Privately Owned Vehicle (POV) Mileage Reimbursement Rates*, GSA, https://www.gsa.gov/travel/plan-book/transportation-airfare-rates-pov-rates/privately-owned-vehicle-pov-mileage-reimbursement-rates (last visited June 25, 2019).

the Marshal's resources, courts in this District have been unwilling to issue blank, signed subpoena forms when those subpoenas will have to be served by the Marshal. *See, e.g.*, *Richardson v. Ricard*, No. 09-cv-01609-REB-MEH, 2010 WL 1957215, at *2 (D. Colo. May 13, 2010); *Mauchlin v. Bier*, No. 07-cv-02593-CMA-MEH, 2009 WL 1384136, at *1 (D. Colo. May 12, 2009); *Pinson v. Revell*, No. 08-cv-01023-MSK-BNB, 2008 WL 5233592, at *1 (D. Colo. Dec. 15, 2008). Instead, these courts have required the party to submit a request for subpoena that includes the following information:

> (1) the name and address of the witness(es) he wishes to subpoena, and (2) a detailed explanation of the purpose of the subpoena, including whether he is seeking to take testimony from the witness or whether he is seeking production of documents from the witness, or both. If the plaintiff is seeking to take testimony from the witness, he must describe the subject matter he wishes to cover and explain why the testimony sought is relevant or reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 2[6](b)(1). If the plaintiff is seeking production of documents, he must describe the documents with specificity and explain why the documents sought are relevant or reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

*Pinson*, 2008 WL 5233592, at *1. Any request by Plaintiff for a subpoena shall comply with these requirements.

To the extent Plaintiff seeks a subpoena to take the deposition of a non-party by oral questions, he also must tender the required witness fees and mileage reimbursement. The "authorization to proceed *in forma pauperis* [("IFP")]," under 28 U.S.C. § 1915 "does not excuse a litigant from paying the required witness fees and mileage." *Davis v. Andujar*, No. 08-cv-00245-MSK-KMT, 2009 WL 4908180, at *2 (D. Colo. Dec. 17, 2009). "The expenditure of public funds on behalf of an indigent litigant is only proper when authorized by Congress," and because "neither section 1915 nor any other statute provides such authorization, federal courts lack the authority to waive witness [fees] or order payment of witness fees on behalf of an [IFP] civil litigant." *Id.*

6

(collecting cases); see also Hooper v. Tulsa Cty. Sheriff Dep't, 113 F.3d 1246, 1997 WL 295424, at *2 (10th Cir. June 4, 1997) ("Every circuit considering this issue has held that § 1915(a)'s waiver of prepayment of 'fees or costs' does not authorize the federal courts to waive or order payment of witness fees for a civil litigant proceeding in forma pauperis."). Plaintiff has neither tendered the fees necessary to serve subpoenas on the proposed deponents nor offered proof that he has the necessary funds to do so.

For the foregoing reasons, Plaintiff's Motion is **DENIED** to the extent he seeks deposition testimony.

### IV.     Status Report

Plaintiff also requests "that this Court give status report or answer to all motions submitted for OBJECTIONS, Trial by Jury Requested by Plaintiff, and SUBPOENA." [#175 at 3] The Court **GRANTS** Plaintiff's Motion to the extent it requests a Status Report and directs the Clerk of Court to send Plaintiff a copy of the Docket Sheet.

### V.      Appointment of Advisory Counsel

Finally, Plaintiff requests "the appointment of advisory counsel for further proceedings." [#175 at 3-4] This Court previously granted Plaintiff's Motion to Appoint Counsel in December 2018. [#116] However, as the Court cautioned Plaintiff in its Order granting Plaintiff's request for the appointment of counsel, "there is no guarantee that a member of the Civil Pro Bono Panel will undertake representation in this case, and Plaintiff remains responsible for all scheduled matters, including hearings, depositions and written discovery, motions, and trial, and for complying with the Federal Rules of Civil

Procedure and the Local Rules of the Court." [*Id.* at 3] To date, the Clerk's Office has been unable to locate a member of the Civil Pro Bono Panel willing to undertake representation of Plaintiff's case.

Accordingly, because the Court has already granted a prior motion for appointment of counsel by Plaintiff, Plaintiff's Motion is **DENIED AS MOOT** to the extent it seeks the appointment of advisory counsel.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff's Motion [#175] is **GRANTED IN PART and DENIED IN PART** as follows:

(1) The Motion is **DENIED** to the extent it seeks a stay;

(2) The Motion is **GRANTED** to the extent it seeks service of Plaintiff's four requests for information in Paragraph 2 of the Motion and those requests shall be deemed served upon Defendant as of the date of filing of this Order;

(3) The Motion is **DENIED** to the extent it seeks an order compelling deposition testimony;

(4) The Motion is **GRANTED** to the extent it seeks a Status Report, and the Clerk of Court is directed to mail a copy of the Docket Sheet to Plaintiff, along with a copy of this Order; and

(5) The Motion is **DENIED AS MOOT** to the extent it seeks the appointment of advisory counsel.

DATED: June 26, 2019     BY THE COURT:

s/Scott T. Varholak  
United States Magistrate Judge