IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 18-cv-0320-WJM-STV

SAMUEL O.P. YEISER,

    Plaintiff,

v.

DG RETAIL, LLC,

    Defendant.
_____

### ORDER OVERRULING PLAINTIFF'S OBJECTIONS
### TO THE MAGISTRATE JUDGE'S ORDERS
_____

In this civil action, Plaintiff Samuel O.P. Yeiser ("Yeiser") brings various claims against Defendant DG Retail, LLC ("Dollar General"). (ECF No. 77.) Before the Court are Yeiser's (1) Objection to Court's Order to Stricken Plaintiff's Motion for Default Judgement ("First Objection"; ECF No. 132); (2) Objection Pursuant to Fed. R. Civ. P. 72 for Dismissal of Default Judgment ("Second Objection"; ECF No. 147); and (3) Objection to Denied Stay of Civil Proceedings and Third Request for Status on Unanswered Motion Request ("Third Objection"; ECF No. 181) (collectively, the "Objections").

In considering the Objections, the Court is mindful of Yeiser's *pro se* status, and accordingly reads his pleadings and filings liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007). However, the Court cannot act as an advocate for a *pro se* litigant. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ledbetter v. City of Topeka*, 318 F.3d 1183, 1188 (10th Cir. 2003). For the reasons set forth below, Yeiser's

Objections are overruled.

## I. RELEVANT FACTUAL & PROCEDURAL HISTORY

On November 10, 2017, an elderly man asked for Yeiser's help in repairing his suitcase.[1]  (ECF No. 77 at 5.)  Yeiser agreed, and he and the elderly man went to a Dollar General store located in Aurora, Colorado, to purchase duct tape and other items needed to repair the suitcase.  (*Id*.)

After locating these items at the Dollar General, Yeiser returned to the front of the store where he claims he observed a store employee harassing the elderly man and brandishing a stun gun in his face.  (*Id*.)  When Yeiser asked the store employee why she was harassing the elderly man, the store employee laughed and tried to use the stun gun on Yeiser.  (*Id*. at 5–6.)   A verbal confrontation ensued, during which the store employee used racial epitaphs and accused Yeiser of stealing items from the store.  (*Id*. at 6–7.) The confrontation soon escalated, with various Dollar General employees committing a whole variety of offensive acts toward Yeiser, such as physically assaulting him, repeatedly attempting to use a stun gun on him, stealing personal items that belonged to him and the elderly man (including the suitcase), spraying him with pepper spray, threatening him with future violence, attacking him for two blocks as he fled the location, directing racial slurs towards him, and so on.  (*Id*. at 5–9.)

Law enforcement officers responded to the scene.  (*Id*. at 9–10.)  Criminal charges related to the incident were subsequently brought against Yeiser by the 18th Judicial District Attorney's Office, and Yeiser was convicted of two counts of aggravated robbery.

---

[1] The Court draws factual allegations from the operative complaint—Yeiser's Third Amended Complaint (ECF No. 77)—to provide context for the instant Order.

(ECF No. 112 at 3.) Yeiser subsequently appealed the conviction, which is currently pending in state court. (ECF No. 175 at 1.)

On February 8, 2018, Yeiser filed the instant civil lawsuit against Dollar General and two of the store employees. (ECF No. 1.) The currently operative complaint is Yeiser's Third Amended Complaint, in which he brings claims against Dollar General for racial discrimination in violation of 42 U.S.C. §§ 1981 and 1982, premises liability, and defamation of character. (ECF No. 77; *see also* ECF No. 120 (dismissing Yeiser's negligence and gross negligence claims).)

Pertinent to this Order, Yeiser filed a "Motion of Subpoena to Produce Documents" on May 21, 2018. ("Motion to Produce"; ECF No. 45.) At the June 6, 2018 Scheduling Conference, United States Magistrate Judge Scott T. Varholak denied the Motion to Produce to the extent it sought discovery from a non-party, and construed the remainder of the motion as a request for production pursuant to Fed. R. Civ. P. 34. (ECF No. 54.) The Magistrate Judge ordered the deadline for Dollar General to respond to Yeiser's request for production be stayed indefinitely, and that the matter would be addressed at the next Status Conference. (*Id.*)

At the following Status Conference (ECF No. 75), the Magistrate Judge ordered the stay to remain in effect until it could be addressed at the October 25, 2018 Scheduling Conference. (ECF No. 117 at 2–3.) At the October 25, 2018 Scheduling Conference (ECF No. 88), the stay was lifted and discovery was permitted to commence pursuant to the Scheduling Order (ECF No. 89). (ECF No. 117 at 3; ECF No. 168 at 1.)

On November 1, 2018, Yeiser refiled his Motion to Produce. ("Refiled Motion to Produce"; ECF No. 92.) On November 8, 2018, Yeiser filed a Request for Production

3

under Fed. R. Civ. P. 34. ("Request for Production"; ECF No. 96.) While the Request for Production includes only a portion of the requests contained in the Motion to Produce, it is clear from Yeiser's filings that he intended to seek all of his requests previously made under Fed. R. Civ. P. 34 through his Request for Production. (ECF No. 147 at 3; ECF No. 149 at 2; *compare* ECF No. 96 at 1–2, *with* ECF No. 45 at 5–6.) In other words, it is apparent from his filings that Yeiser intended the Request for Production to encompass the requests made in the Motion to Produce that the Magistrate Judge had previously construed to be requests for production pursuant to Fed. R. Civ. P. 34. On November 19, 2018, the Magistrate Judge ordered that Yeiser's Request for Production be "deemed to have been served upon [Dollar General] on the date it was filed with the Court"—*i.e.*, November 8, 2018. (ECF No. 101.) On December 10, 2018, Dollar General responded to Yeiser's Request for Production. (ECF No. 111; ECF No. 168 at 1–2.)

On December 11, 2018, the Magistrate Judge granted Yeiser's Refiled Motion to Produce to the extent it requested documents from a non-party, but denied the remainder of motion to the extent it was a request for production pursuant to Fed. R. Civ. P. 34. (ECF No. 112.) This is the reverse of the Magistrate Judge's treatment of the initial Motion to Produce, where he denied the motion to the extent it requested documents from a non-party, and construed the remainder of the motion as a request for production pursuant to Fed. R. Civ. P. 34. (ECF No. 54.)

On December 31, 2018, Yeiser filed a Request for Default Judgement under Fed. R. Civ. P. 37. ("Motion for Default Judgment"; ECF No. 117.) The basis for Yeiser's Motion for Default Judgement is that Dollar General allegedly failed to comply with Fed. R. Civ. P. 34 when it responded to the *Request for Production* on December 10, 2018,

4

which was more than thirty days after (1) the date the response stay to his *Motion to Produce* was lifted (October 25, 2018); and (2) the date the *Refiled Motion to Produce* was docketed (November 1, 2018). (*Id*. at 5–8, 10.)

On January 4, 2019, the Magistrate Judge struck Yeiser's Motion for Default Judgment as it conflicted with his Civil Practice Standards. (ECF No. 123.) Yeiser subsequently filed his First Objection and Second Objection, in which he makes various arguments as to why his Motion for Default Judgment should not have been struck. (ECF Nos. 132 & 147.)

On June 17, 2019, Yeiser filed a Motion of Request. ("Motion of Request"; ECF No. 175.) Through his Motion of Request, Yeiser sought (1) a stay of this proceeding until his appeal of his criminal conviction is resolved; (2) the issuance of interrogatories; (3) the production of various documents and information; (4) deposition testimony; (4) a status report; and (5) the appointment of advisory counsel. (*Id*.)

On June 26, 2019, the Magistrate Judge granted in part and denied in part Yeiser's Motion of Request. (ECF No. 177.) Pertinent to this Order, the Magistrate Judge denied Yeiser's request for a stay of this proceeding. (*Id*. at 2–3.) On July 15, 2019, Yeiser filed his Third Objection, in which he makes various requests of the Court and disputes the Magistrate Judge's denial of his request for a stay. (ECF No. 181.)

## II.  LEGAL STANDARD

"Discovery is a nondispositive matter, and magistrate judges have the authority to order discovery sanctions." *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997). When reviewing an objection to a magistrate judge's non-dispositive ruling, the Court

5

must affirm the ruling unless it finds that the ruling is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Hutchinson*, 105 F.3d at 566; *Ariza v. U.S. West Commc'ns, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996).

The clearly erroneous standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (internal quotation marks omitted). The "contrary to law" standard permits "plenary review as to matters of law," *see* 12 Charles Alan Wright *et al.*, Federal Practice & Procedure § 3069 (3d ed., May 2019 update), but the Court will set aside a magistrate judge's order only if it applied the wrong legal standard or applied the appropriate legal standard incorrectly, *see Wyoming v. U.S. Dep't of Agric.*, 239 F. Supp. 2d 1219, 1235 (D. Wyo. 2002). In short, "[b]ecause a magistrate judge is afforded broad discretion in the resolution of non-dispositive discovery disputes, the court will overrule the magistrate's determination only if his discretion is abused." *Ariza*, 167 F.R.D. at 133.

### III. ANALYSIS

**A.     Motion for Default Judgment**

As previously discussed, Yeiser filed a Motion for Default Judgment based on his belief that Dollar General's response to his requests for production was untimely under Fed. R. Civ. P. 34. (ECF No. 117.) The Magistrate Judge subsequently struck the motion, however, as it conflicted with his Civil Practice Standards. (ECF No. 123.)

In striking the motion, the Magistrate Judge noted that under his Civil Practice Standards, "'a party may not file an opposed discovery motion without first complying with

[his informal] discovery dispute procedures.'  Pursuant to those procedures, if the parties are unable to resolve a discovery dispute after a good faith meet and confer, they are to set up a Discovery Hearing with the Court." (*Id.* (alteration in original).)  Accordingly, the Magistrate Judge struck Yeiser's Motion for Default Judgment and set the matter for a Discovery Hearing.  (*Id.*)

Yeiser subsequently filed his First Objection and Second Objection, in which he makes various arguments as to why his Motion for Default Judgment should not have been struck.  (ECF Nos. 132 & 147.)  Most of his arguments focus on Dollar General's alleged violation of Fed. R. Civ. P. 34 by not responding to his Motion to Produce and Refiled Motion to Produce within thirty days of service.  (ECF Nos. 132 & 147.)  The Court finds, however, that it need not address Yeiser's arguments in detail as it is abundantly clear that the Magistrate Judge's order striking Yeiser's Motion for Default Judgment was not "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Hutchinson*, 105 F.3d at 566.

Federal Rule of Civil Procedure 37(b)(2)(A)(vi) permits a court to enter a default judgment when a party "fails to obey an order to provide or permit discovery."  Fed. R. Civ. P. 37(b)(2)(A)(vi).  "Since a default judgment . . . 'represents an extreme sanction,' it is 'appropriate only in cases of willful misconduct.'"  *Derma Pen, LLC v. 4EverYoung Ltd.*, 736 F. App'x 741, 745 (10th Cir. 2018) (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992)); *see also Klein-Becker USA, LLC v. Englert*, 711 F.3d 1153, 1159 (10th Cir. 2013).  A "willful failure" is "any intentional failure as distinguished from involuntary noncompliance."  *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872–73

7

(10th Cir. 1987) (internal quotation marks omitted). "Sanctions must be 'just' and related to the claim 'at issue in the order to provide discovery.'" *Englert*, 711 F.3d at 1159 (quoting *Ehrenhaus*, 965 F.2d at 920).

"In addition, before imposing a default judgment as a sanction, 'a court should ordinarily consider a number of factors,' including: (1) 'the degree of actual prejudice to the defendant;' (2) 'the amount of interference with the judicial process;' (3) 'the culpability of the litigant;' (4) 'whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance;' and (5) 'the efficacy of lesser sanctions.'" *Derma Pen*, 736 F. App'x at 745–46 (quoting *Ehrenhaus*, 965 F.2d at 921); *see also Englert*, 711 F.3d at 1159. The Court will refer to these as the "*Ehrenhaus* factors." "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal [or default judgment] an appropriate sanction." *Ehrenhaus*, 965 F.2d at 921; *see also Derma Pen*, 736 F. App'x at 746.

Under these standards, default judgment was clearly not warranted in this case. Indeed, the Court finds that none of the *Ehrenhaus* factors weighs in favor of default judgment. For instance, Yeiser has not alleged, much less demonstrated, how the one or two week delay in Dollar General's response resulted in prejudice to either party. The Court also finds the amount of interference with the judicial process under these circumstances was minimal at best, and more likely nonexistent. Furthermore, Yeiser has not shown any willful misconduct on Dollar General's behalf, nor does the record support such a proposition. In addition, Dollar General had no advance warning that default

judgment would be a likely sanction for its noncompliance. Finally, Yeiser has not argued, nor does the record support the notion, that lesser sanctions would be ineffective. Accordingly, Yeiser was not entitled to default judgment and therefore the Magistrate Judge's order striking Yeiser's Motion for Default Judgment was not "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). As a result, the Court overrules Yeiser's First Objection and Second Objection.

**B.     Motion of Request**

As discussed above, Yeiser filed a Motion of Request on June 17, 2019, in which he sought various things from the Court, including a stay of the proceeding until his appeal to his state court criminal conviction is resolved. (ECF No. 175.) In support for his request for a stay, Yeiser argued that a stay is warranted because (1) he has "filed a Direct Appeal" to his state court criminal conviction, the resolution of which "will greatly effect the outcome of this Civil Action"; (2) "[he] must be give[n] more time to adequately prepare for the up and coming trial"; (3) "deposition hearings may take more time [to] set up" since he is incarcerated; (4) "[he] would not have a fair opportunity to perpare [*sic*] any legal dispositions under current scheduling order"; and (5) it would "allow him the time to seek professional counsel." (*Id*. at 1–2.)

On June 26, 2019, the Magistrate Judge granted in part and denied in part Yeiser's Motion of Request. (ECF No. 177.) Pertinent to this Order, the Magistrate Judge denied Yeiser's request for a stay of this proceeding. (*Id*. at 2–3.) In doing so, the Magistrate Judge found that Yeiser's rationales for the stay were "conclusory" and discussed how they were "insufficient to establish good cause for a stay." (*Id*.)

On July 15, 2019, Yeiser filed his Third Objection, in which he makes various requests of the Court and disputes the Magistrate Judge's denial of his request for a stay of this proceeding. (ECF No. 181.) At the outset, the Court finds that Yeiser's inclusion of various requests in his Third Objection directly violates the explicit instructions contained in the undersigned's Revised Practice Standard III.B, which reads in relevant part: "All requests for the Court to take any action, make any type of ruling, or provide any type of relief must be contained in a **separate**, written motion" (emphasis in original). As a result of Yeiser's failure to comply with the undersigned's Revised Practice Standard III.B, the Court *sua sponte* strikes the portion of Yeiser's Third Objection wherein he makes various requests of the Court. (*See* ECF No. 181 at 1–2.)

In the remainder of the Third Objection, Yeiser disputes the Magistrate Judge's denial of his request for a stay. (*Id*. at 3.) Pursuant to a liberal reading of the Third Objection, Yeiser appears to argue that a stay of this case is warranted because, *inter alia*, (1) his First Objection, Second Objection, and other various requests have not yet been resolved; (2) he would suffer prejudice if this case continues before the disposition of his appeal to his underlying criminal conviction in state court; (3) he has not been able to seek discovery material from certain non-party individuals; (4) he will be prejudiced at the summary judgment stage if the case is not stayed; and (5) he has demonstrated sufficient "good cause" for a stay. (*Id*. at 1–3.)

This Court has long noted that the Federal Rules of Civil Procedure do not explicitly provide for a stay of proceedings in a lawsuit. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955 (D. Colo. Mar. 30, 2006). "However, the Court has

construed Fed. R. Civ. P. 26(c) to permit a stay of discovery for good cause, to protect a party from undue burden or expense." *Bitco Gen. Ins. Corp. v. Genex Constr. LLC*, 2016 WL 8608452, at *1 (D. Colo. Sept. 13, 2016) (internal quotation marks omitted).

"The party who seeks a stay of discovery has the burden of demonstrating good cause, and cannot sustain that burden by offering simply conclusory statements." *Id*. (internal quotation marks omitted). Generally, "the Court requires a particular and specific demonstration of fact in support of a request for a stay." *Id*. (internal quotation marks omitted). In the context of ruling on a motion to stay, the Tenth Circuit has stated that "the right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983). Hence, "it has long been recognized that stays are generally disfavored in this district, although the decision to grant or deny them invokes the discretion of the Court under the circumstances at issue." *Bitco*, 2016 WL 8608452, at *1.

The factors to be applied by the Court in determining the propriety of a stay are: (1) Yeiser's interests in proceeding expeditiously with the action and the potential prejudice to Yeiser resulting from a delay; (2) the burden on Dollar General; (3) the convenience to the Court; (4) the interests of persons not parties to the litigation; and (5) the public interest. *Id*.; *see also Schmaltz v. Smithkline Beecham Corp.*, 2008 WL 3845260, at *1 (D. Colo. Aug. 15, 2008).

In weighing these factors, the Court concludes that Yeiser has failed to show good cause for granting a stay. The first factor is not applicable as Yeiser is the party seeking

the stay. While Yeiser alleges that he will be prejudiced if a stay is not granted, his justifications are no more than unsupported conclusory statements, and a party seeking a stay cannot sustain his burden of demonstrating good cause "by offering simply conclusory statements." *Bitco*, 2016 WL 8608452, at *1. (*See also* ECF No. 181.) The second factor does not weigh in favor or against imposing a stay as it is unclear whether a stay would impose a burden on Dollar General as the company has hardly participated in this lawsuit to date. The third factor weighs against granting the stay as cases that linger on the Court's docket are more difficult to manage. The fourth factor does not weigh in favor or against imposing a stay as neither party has argued that any non-parties are likely to be affected by this case. Finally, the fifth factor weighs in favor of denying the stay because the public has an interest in efficient use of public resources, including Court resources. When weighing all five factors, the Court finds that they cumulatively weigh in favor of denying the stay.

As a result of the foregoing, it is clear that Yeiser has failed to show good cause for granting a stay. Therefore, the Magistrate Judge's denial of his request for a stay was not "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Accordingly, the Court overrules Yeiser's Third Objection.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff Yeiser's First Objection (ECF No. 132) is OVERRULED;

2. Plaintiff Yeiser's Second Objection (ECF No. 147) is OVERRULED; and

3. Plaintiff Yeiser's Third Objection (ECF No. 181) is OVERRULED.

Dated this 2nd day of August, 2019.

BY THE COURT:

_____
William J. Martínez
United States District Judge