**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Case No. 18-cv-0320-WJM-STV

SAMUEL O.P. YEISER,

    Plaintiff,

v.

DG RETAIL, LLC,

    Defendant.

---

**ORDER ADOPTING IN PART JANUARY 5, 2021 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

    This matter is before the Court on United States Magistrate Judge Scott T. Varholak's March 5, 2021 Report and Recommendation ("Recommendation") (ECF No. 341), that the Court grant in part Defendant DG Retail, LLC's Motion for Summary Judgment ("Defendant's Motion") (ECF No. 290) and deny Plaintiff Samuel Yeiser's Motion for Summary Judgment ("Plaintiff's Motion") (ECF No. 317). The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

    Defendant filed an Objection to the Recommendation on March 19, 2021, and Plaintiff filed an Objection on March 29, 2021. (ECF Nos. 345 & 347.) For the following reasons, Defendant's Objection is sustained in part, Plaintiff's Objection is overruled, the Recommendation is adopted in part and rejected in part, Defendant's Motion is granted in part, and Plaintiff's Motion is denied in its entirety.

# I. BACKGROUND[1]

This action arises out of an incident on November 10, 2017 at a Dollar General retail location in Aurora, Colorado.  (ECF No. 290-1 at 4–6; ECF No. 290-4.)  That day, Plaintiff, Richard Rice, and an "Elderly Man" entered the store.  (ECF No. 290-1 at 4–7; ECF No. 290-5 at 17:46:02–47:12.)  Plaintiff and Rice walked to the back of the store while the Elderly Man stood at the front of the store and spoke with a Dollar General employee named Nagham Majed Darwish.  (ECF No. 290-4 at 4; 290-5 at 17:49:40–56.)

Plaintiff removed several items from the store's automotive aisle and placed them in his jacket.  (ECF No. 290-2 at 17:47:40–48:28; ECF No. 290-3 at 15–16; ECF No. 317 at ¶ 23.)  Plaintiff disputes that he placed the items in his jacket, though the video evidence shows that he did.  (ECF No. 317 at ¶¶ 20–21, 23; ECF No. 290-2 at 17:48:15–48:21.)  Another Dollar General employee, Maribel Garcia, testified in a deposition that she saw Plaintiff place store items in his jacket and move toward the exit.  (ECF No. 290-6 at 7–11.)

As Plaintiff walked past all points of sale, Darwish confronted Plaintiff and asked if he wanted to pay for the items in his jacket.  (ECF No. 290-4 at 5.)  Plaintiff denied stealing items.  (ECF No. 290-1 at 9; ECF No. 326-2 at 10.)  Plaintiff asserted in his deposition that Darwish directed racial epithets toward him during this confrontation. (ECF No. 290-1 at 9.)

---

[1] The following factual summary is based on the parties' Motions and documents submitted in support thereof.  These facts are undisputed unless attributed to a party or source.  All citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

Video surveillance footage shows that, after a verbal exchange between Plaintiff and Darwish, Darwish reached toward Plaintiff's jacket. (ECF No. 290-5 at 17:50:00–50:46.) Plaintiff then swung his arm at Darwish, and she held her arm up to block it. (*Id.* at 17:50:46–50:48.) Plaintiff lunged toward Darwish, wielding what appears to be a knife or box cutter. (*Id.* at 17:50:48–51:00.) Garcia then intervened by positioning herself between Plaintiff and Darwish. (*Id.* at 17:50:54–51:12.)

Plaintiff exited the store, and Darwish and Garcia followed him outside. (*Id.* at 17:51:14–51:42.) Darwish then followed Plaintiff to an apartment complex. (ECF No. 290-4 at 6; ECF No. 317 ¶ 13; 326 ¶ 13.) There, she sprayed pepper spray at Plaintiff. (ECF No. 326-2 at 14–15.) Defendant also asserts that Plaintiff cut Darwish with a knife and kicked her. (*Id.*)

When police arrived, Darwish described the confrontation at the store, stating that she attempted to recover stolen merchandise from Plaintiff, which caused Plaintiff to push her and produce a weapon. (ECF No. 290-4 at 1.) Police subsequently arrested Plaintiff and charged him with theft, two counts of aggravated robbery, assault, and menacing. (ECF No. 290-8.) A jury convicted him of theft and two counts of aggravated robbery, but acquitted him of the other charges. (*Id.*)

Plaintiff's Third Amended Complaint is the operative complaint in this action. (ECF No. 77.) He brings claims for race discrimination in violation of 42 U.S.C. §§ 1981 and 1982, violation of the Colorado Premises Liability Act, Colo. Rev. Stat. §§ 13-21-115 *et seq.* ("CPLA"), and a state tort law claim for defamation of character.[2] (*Id.*)

---

[2] Plaintiff also brought claims for negligence and negligence *per se*, which the Court has since dismissed. (ECF No. 120.)

3

Defendant filed its Motion on June 26, 2020, seeking summary judgment against Plaintiff on all claims. (ECF No. 290.) Plaintiff filed a response on December 28, 2020, which the Court construes as a consolidated response and cross-motion for summary judgment. (ECF No. 317.) Defendant filed a reply to Plaintiff's Motion on January 18, 2021. (ECF No. 326.)

On March 5, 2021, Judge Varholak issued his Recommendation that Defendant's Motion be granted in part and denied in part, and that Plaintiff's Motion be denied in its entirety. (ECF No. 341.) Judge Varholak reasoned that genuine issues of material fact existed as to whether Defendant's employees engaged in intentional discrimination against Plaintiff. (*Id.* at 15.) He therefore recommended that both Motions be denied as to Plaintiff's §§ 1981 and 1982 claims. (*Id.*) Judge Varholak also found that there were issues of fact as to whether Plaintiff had suffered emotional injury on Defendant's property and recommended denying both Motions as to Plaintiff's CPLA claim insofar as it concerned conduct within the store. (*Id.* at 19.) He further found, however, that the property outside of the store did not belong to Defendant, and recommended that Defendant's Motion be granted as to Plaintiff's CPLA claim based on conduct outside of the store. (*Id.* at 20–22.) As to Plaintiff's defamation claim, Judge Varholak found that Plaintiff failed to overcome the qualified privilege protecting Darwish and Garcia's statements to law enforcement because he did not prove the statements were materially false or made with actual malice. (*Id.* at 22–28.) Accordingly, Judge Varholak recommended granting Defendant's Motion and denying Plaintiff's Motion as to the defamation claim. (*Id.* at 28.)

4

Defendant filed an Objection on March 19, 2021. (ECF No. 345.) Plaintiff filed an Objection on March 29, 2021. (ECF No. 347.) Defendant filed a response to Plaintiff's Objection on April 13, 2021. (ECF No. 348.)

## II. LEGAL STANDARD

### A.     Rule 72(b) Review of a Magistrate Judge's Recommendation

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 73(b)(3). An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

In the absence of a timely and specific objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

**B.     Rule 56 Summary Judgment**

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994).  Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or, conversely, is so one-sided that one party must prevail as a matter of law.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248–49 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000).

A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party.  *Anderson*, 477 U.S. at 248.  The Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial.  *Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

## III. ANALYSIS

Because Plaintiff is proceeding *pro se*, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).  The Court does not, however, "supply additional factual allegations to round out a plaintiff's complaint," or "construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

**A.     Race Discrimination Claims under §§ 1981 and 1982**

Plaintiff brings claims for race discrimination in violation of §§ 1981 and 1982, based on Darwish's allegedly discriminatory conduct against him while in the store.

(ECF No. 77 at 11–15.)  Plaintiff and Defendant each argue that they are entitled to summary judgment on these claims.  (ECF No. 290 at 11; ECF No 317 at 8.)

Sections 1981 and 1982 protect the ability to contract or purchase property free from impairment "so long as the impairment arises from intentional discrimination." *Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1106 (10th Cir. 2001).  Supreme Court "precedents have long construed §§ 1981 and 1982 similarly."  *CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 447 (2008); *see also Tillman v. Wheaton-Haven Recreation Ass'n, Inc.*, 410 U.S. 431, 440 (1973) ("In light of the historical interrelationship between [§] 1981 and [§] 1982, we see no reason to construe these sections differently . . . .").

To establish a prima facie case under §§ 1981 and 1982, a plaintiff must show that: "(1) that the plaintiff is a member of a protected class; (2) that the defendant had the intent to discriminate on the basis of race; and (3) that the discrimination interfered with a protected activity as defined in [the statutes]."  *Hampton*, 247 F.3d at 1106.

As it is undisputed that Plaintiff is an African-American man, the Court concludes, as did Judge Varholak, that the first element is satisfied.  The Court therefore proceeds to whether Plaintiff satisfies the other two prongs of his race discrimination claims.

    i.    *Intentional Discrimination*

"A plaintiff alleging discrimination on the basis of race may prove intentional discrimination through either direct evidence of discrimination (*e.g.*, oral or written statements on the part of a defendant showing a discriminatory motivation) or indirect (*i.e.*, circumstantial) evidence of discrimination."  *Kendrick v. Penske Transp. Servs.*, 220 F.3d 1220, 1225 (10th Cir. 2000).

7

Plaintiff testified during his deposition that Darwish had called him by a racial slur. (ECF No. 290-1 at 9.) Judge Varholak found that Plaintiff's statement was sufficient to establish intentional discrimination, because Defendant offered no countervailing evidence to create a question of material fact as to whether Darwish had used the slur, which is direct evidence of racial discrimination. (ECF No. 141 at 11.)

Defendant does not object to Judge Varholak's finding that Plaintiff had presented evidence of discriminatory intent sufficient to survive summary judgment. (ECF No. 290 at 6 n.2 (stating that Defendant does not object to the finding on the discrimination element).) As the Court finds no clear error in this finding, it adopts this portion of the Recommendation and finds that the intentional discrimination element is satisfied.

    ii.   *Protected Activity*

Plaintiff must also show that the discrimination interfered with a protected activity, such as purchasing items at a retail store. In this context, a plaintiff must show that he was "actually prevented from making a purchase or that [he] would have attempted to make a purchase but for" the racially discriminatory interference. *Hunter v. The Buckle, Inc.*, 488 F. Supp. 2d 1157, 1172 (D. Kan. 2007).

Judge Varholak found that, despite Plaintiff's ultimate conviction for theft, there was a genuine issue of material fact as to whether Plaintiff initially intended to purchase the items he stole. (ECF No. 341 at 14.) He noted that Plaintiff contends that he planned to purchase the items before Darwish confronted him, and that the video shows that Plaintiff had not yet attempted to leave the store. (*Id.*) He therefore recommended denial of Defendant's Motion as to Plaintiff's §§ 1981 and 1982 claims. (*Id.* at 15.)

8

In its Objection, Defendant argues that the surveillance footage of Plaintiff taking items from the shelf, placing them in his jacket, and walking toward the exit establishes that he intended to steal the merchandise. (ECF No. 345 at 9–10.)

Plaintiff also objects to the Recommendation, arguing that Darwish and Garcia were unable to see him removing items from the shelf (though he does not deny removing them). (ECF No. 347 at 8.) He notes that he had not yet left the store premises when Darwish confronted him, and this confrontation prevented him from purchasing the items he had on his person. (*Id.* at 10.) He concludes that this confrontation, without certainty that Darwish or Garcia knew he had taken items from the shelf, establishes that their actions were racially motivated, and that he is entitled to summary judgment. (*Id.*)

Unfortunately for Plaintiff, the video footage clearly indicates Plaintiff's intent to take the items without paying for them, given that he concealed the items in his coat, and had passed all the store registers at which he could have lawfully purchased the items on his way to exiting the store. Moreover, this all transpired *before* Darwish confronted him and allegedly directed a racial slur against him. (*See generally* ECF No. 290-5.) This uncontroverted video evidence is even further bolstered by the fact that a jury subsequently found Plaintiff guilty of theft and aggravated robbery, which Plaintiff does not dispute. (ECF No. 290-8.) Plaintiff's self-serving testimony to the contrary, standing alone, is woefully inadequate to avoid survive summary judgment on his discrimination claims. *See, e.g.*, *Bergerud v. Fortunato*, 2010 WL 3307612, at *3 (D. Colo. Aug. 18, 2010) (adopting magistrate judge recommendation and finding that the

9

magistrate judge properly "disregarded conclusory declarations and discredited declarations that conflicted with undisputed facts").

The Court finds that, in the face of all this evidence, no rational trier of fact could conclude that Plaintiff had the intent to lawfully purchase the items hidden in his coat prior to the confrontation with store employees.  As such, Plaintiff has failed to create a *genuine* issue of material fact, and as a consequence summary judgment is appropriate on these claims.  See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (stating that a factual dispute is genuine if evidence is so contradictory that a reasonable jury could find for either party); see also *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no '*genuine* issue for trial.'") (emphasis added).  The Court therefore sustains Defendant's Objection, rejects this portion of the Recommendation, and grants Defendant's Motion as to the §§ 1981 and 1982 claims.  As necessarily must be the case, Plaintiff's Motion as to these claims is denied.

**B.     CPLA Claim**

Both parties seek summary judgment on Plaintiff's claims under the CPLA.  (ECF No. 290 at 20; ECF No. 317 at 11.)  Plaintiff specifically alleges that Defendant is liable under the CPLA for emotional injuries based on the altercation inside the store, and for the physical injuries caused by Darwish in the parking lot of the store and at the apartment complex where Darwish pursued him.  (ECF No. 77 at 6–8.)

The CPLA provides the "exclusive remedy against a landowner for injuries sustained on the landowner's property."  *Henderson v. Master Klean Janitorial, Inc.*, 70

P.3d 612, 613 (Colo. App. 2003); *see also Raup v. Vail Summit Resorts, Inc.*, 160 F. Supp. 3d 1285, 1288 (D. Colo. 2016) (same). The Colorado Supreme Court has explained:

> The statute applies to a personal injury action that meets four requirements: (1) the action involves the plaintiff's entry on the landowner's real property; 16 (2) the plaintiff's injury occurred while on the landowner's real property; (3) the injury occurred by reason of the property's condition, activities conducted on the property, or circumstances existing on the property; and (4) the landowner breached the duty of care it owed the plaintiff under the premises liability statute's classification of trespasser, licensee, or invitee.

*Larrieu v. Best Buy Stores, L.P.*, 303 P.3d 558, 562 (Colo. 2013).

Judge Varholak addressed the three locations where Plaintiff alleged that injury had occurred: inside the store, in the parking lot, and at the apartment complex. (ECF No. 141 at 16–22.) He recommended that Defendant be granted summary judgment on the Plaintiff's claims for injuries in the parking lot and apartment complex because Plaintiff did not allege or offer evidence suggesting that Defendant owned the property where his injuries occurred. (*Id.* at 20–22.) Judge Varholak further recommended denial of both parties' Motions as to Plaintiff's claim for emotional injuries arising from the confrontation within the store. (*Id.* at 19.)

In his Objection, Plaintiff does not appear to challenge Judge Varholak's finding that claims based on conduct in the parking lot or apartment complex were barred, focusing his Objection only on the incident inside the store. (ECF No. 347 at 11–13.) The Court finds no clear error in his analysis and therefore adopts this portion of the Recommendation, grants Defendant's Motion as to Plaintiff's CPLA claim for injury outside of the store and denies Plaintiff's Motion as to the same.

Plaintiff asserts that Darwish caused him emotional distress as a result of the altercation inside the store.  (ECF No. 77 at 15–16.)  Specifically, he states that he has since experienced "mental anguish."  (ECF No. 317 at 12.)  Defendant argues that Plaintiff's claim is barred because the CPLA only authorizes claims for physical injury.  (ECF No. 290 at 20.)

Judge Varholak found that the CPLA does not preclude claims for emotional injury.  (ECF No. 341 at 16–18.)  As Defendant did not present evidence or argument concerning the other elements of the claim, he recommended denial of Defendant's Motion as to the CPLA claim for emotional injury within the store.  (*Id.* at 18–19.)

In its Objection, Defendant again argues that emotional injuries are not compensable under the CPLA, and that Plaintiff may only bring a CPLA claim for physical injuries.  (ECF No. 345 at 10–12.)  Defendant further argues that it may not be held vicariously liable for its employees' intentional torts, and that Plaintiff failed to present any evidence that Defendant was aware of the dangers its employees would pose to Plaintiff.  (*Id.* at 12–15.)

Although Defendant cites cases stating that the CPLA "provides the exclusive remedy against a landowner for physical injuries sustained on the landowner's property," this authority does not state that only *physical* injuries are compensable.  (ECF No. 345 at 11; *see also Sweeney v. United Artists Theater Cir., Inc.*, 119 P.3d 538, 540 (Colo. App. 2005).)  Rather, as Judge Varholak noted, case law suggests that the CPLA is not necessarily restricted to claims for physical injury.  *See, e.g., Traynom v. Cinemark USA, Inc.*, 940 F. Supp. 2d 1339, 1358 (D. Colo. 2013) (applying Colorado law and concluding that the CPLA precludes claims for negligent training and

12

supervision against landowner); *see also Collins v. Westin DIA Operator, LLC*, 2021 WL 130659, at *5 (D. Colo. Jan. 14, 2021) (dismissing plaintiff's tort claims, including intentional infliction of emotional distress, as precluded by the CPLA). In the absence of binding law definitively stating that emotional injuries are not compensable under the CPLA, the Court cannot conclude the same.

Additionally, in its Objection, Defendant notes that Plaintiff does not offer evidence that Defendant breached its duty of care as required to sustain a CPLA claim. (ECF No. 345 at 14–15.) Although the Court notes Plaintiff's dearth of evidence as to this element of his CPLA claim, the law is clear that Defendant may not assert this argument for the first time in its Objection. *U.S. v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) (stating that "theories raised for the first time in objections to the magistrate judge's report are deemed waived"). It is astonishing to the Court that Defendant failed, prior to its Objection, to argue that the record is without evidence of a breach of a duty of care allegedly owed by it to Plaintiff. Indeed, apart from its argument on the viability of a CPLA claim for emotional injury, Defendant failed in its Motion to argue the deficiency of any liability element of Plaintiff's CPLA claim. The Court cannot make and develop arguments for any party, and it will not do so here for Defendant. Accordingly, for this reason only, Defendant's Motion on Plaintiff's CPLA claim predicated on conduct which allegedly occurred inside the store, must be denied.

Plaintiff also objects to the Recommendation, arguing that he should have been granted summary judgment on this claim. (ECF No. 347 at 11–12.) He contends that Defendant has not presented evidence that it took precautionary measure to prevent race discrimination causing such emotional injury. (*Id.* at 12–13.)

13

Even liberally construing Plaintiff's Objection, it is conclusory and appears to only argue that Plaintiff's evidence was sufficient to establish liability, without relying on supporting evidence. (*Id.* at 11–13.) Moreover, Judge Varholak already determined that issues of material fact may exist as to whether Defendant was aware of and disregarded the "danger" to customers as a result of race discrimination by its employees. (ECF No. 341 at 19.) The Court therefore adopts this portion of the Recommendation and denies both Motions as to the CPLA claim to the extent it is based on conduct inside the store.

**C.    Defamation Claim**

Both parties move for summary judgment on Plaintiff's state law defamation claim. (ECF No. 290 at 11; ECF No. 317 at 13.) The basis of this claim is that Darwish and Garcia defamed Plaintiff by telling law enforcement that he had stolen items from the store and had pushed Darwish. (ECF No. 77 at 17–18.)

Under Colorado law, "[d]efamation is a communication that holds an individual up to contempt or ridicule thereby causing him to incur injury or damage." *Keohane v. Stewart*, 882 P.2d 1293, 1297 (Colo. 1994). A successful defamation claim requires a plaintiff to prove:

> (1) a defamatory statement concerning another; (2) published to a third party; (3) with fault amounting to at least negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special damages or the existence of special damages to the plaintiff caused by the publication.

*Lawson v. Stow*, 327 P.3d 340, 345 (Colo. App. 2014).

A private individual's statements to law enforcement regarding "possible criminal conduct" are subject to a qualified privilege because such statements are matters of

14

public concern. *See id.* at 346. To overcome this qualified privilege, a plaintiff must show that the statement at issue was materially false and made with actual malice. *Gomba v. McLaughlin*, 504 P.2d 337, 338–39 (Colo. 1972); *Examination Bd. of Prof'l Home Inspectors v. Int'l Ass'n of Certified Home Inspectors*, 2021 WL 492482, at *9 (D. Colo. Feb. 10, 2021). Whether a statement was materially false or made with actual malice is a question of law which may be resolved at the summary judgment stage. *See Examination Bd. of Prof'l Home Inspectors*, 2021 WL 492482, at *9.

      i.    *Statement that Darwish Pushed Plaintiff*

Plaintiff first asserts that Darwish's statement to the police that he had pushed her was defamatory because it was false. (ECF No. 317 at 13.) The video shows Plaintiff attempting to strike Darwish two times while wielding a knife and using his arm to swat her hands away from him. (ECF No. 290-5 at 17:50:42–51:02.) Plaintiff offers no evidence to refute these facts, other than the assertion that he was not ultimately convicted of assault and menacing. (ECF No. 317 ¶¶ 25, 27, 29.)

Judge Varholak found that Plaintiff failed to overcome the qualified privilege because he did not show that the statements were materially false. (ECF No. 341 at 23–27.) Specifically, he determined that Darwish's statement that Plaintiff had pushed her was not materially different from the truth, which was that he swatted her away while wielding a knife. (*Id.* at 25.)

Plaintiff does not object to Judge Varholak's findings relating to the statement that Plaintiff pushed Darwish, instead focusing his Objection on arguing that Darwish and Garcia's statements that he committed theft. (ECF No. 347 at 13–15.) The Court finds no clear error in Judge Varholak's conclusion, and therefore adopts this portion of

15

the Recommendation and grants summary judgment to Defendant on Plaintiff's defamation claim to the extent that it is based on the statement that he pushed Darwish.

ii.   *Statement that Plaintiff Committed Theft*

Plaintiff asserts that Darwish and Garcia's statements to the police about his theft were defamatory because they had no reason to believe that he had stolen the items at issue.  (ECF No. 77 at 17–18.)

Judge Varholak found that Plaintiff had presented no evidence suggesting that Darwish and Garcia made these statements with reckless disregard to their falsity because the video tape demonstrated that Plaintiff took the items and placed them in his jacket.  (ECF No. 141 at 27.)  As Plaintiff did not offer any evidence suggesting that Darwish and Garcia did not actually believe that Plaintiff was attempting to steal the items, he failed to establish actual malice.  (*Id.* at 27.)  Judge Varholak therefore recommended that Defendant's Motion be granted as to Plaintiff's defamation claim.  (*Id.* at 28.)

In his Objection, Plaintiff argues that he is entitled to summary judgment on his defamation claims because the surveillance tape does not show that Darwish and Garcia actually observed him take the items.  (ECF No. 347 at 13–14.)  He contends that their statements to law enforcement were therefore made with reckless disregard to their truth.  (*Id.* at 14.)  Further, he notes that, when asked what Plaintiff stole, Darwish told law enforcement "whatever [amount would] put [Plaintiff] in jail."  (ECF No. 317 at 9–10.)  Plaintiff speculates that this statement indicates Darwish's animus toward Plaintiff and her motive to make a false report.  (*Id.* at 10.)

16

As Judge Varholak noted, the video evidence shows Plaintiff taking and concealing items on his person. (ECF No. 141 at 27.) Defendant presented testimonial evidence that Garcia witnessed Plaintiff taking the items. (ECF No. 290-6 at 10–11.) Defendant also asserts that the Elderly Man told Darwish that Plaintiff and Rice were "about to do something stupid" when they entered the store. (ECF No. 290-4 at 5.) Further, the video evidence shows that Darwish confronted Plaintiff when he attempted to leave, accusing him of theft. (*See generally* ECF No. 290-5.)

Plaintiff has not presented any evidence which would suggest that Darwish and Garcia did not have a reasonable belief that he was in fact attempting to commit theft. Moreover, Plaintiff has not demonstrated the material falsity of the statement that he shoplifted; rather, his criminal conviction and the video evidence of him leaving the store with the merchandise undercut any suggestion to the contrary.

The Court finds that Plaintiff failed to overcome the qualified privilege as to Darwish and Garcia's reports to the police, as he does not present clear and convincing evidence that these statements were materially false or made with reckless disregard to their truth. Accordingly, the Court adopts this portion of the Recommendation, grants Defendant's Motion and denies Plaintiff's Motion as to the defamation claim.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendant's Objection (ECF No. 345) is SUSTAINED IN PART;

2. Plaintiff's Objection (ECF No. 347) is OVERRULED;

3. The Recommendation (ECF No. 341) is ADOPTED IN PART and REJECTED IN PART as set forth above;

4. Defendant's Motion (ECF No. 290) is GRANTED as to the following claims:

    a. Plaintiff's §§ 1981 and 1982 claims for race discrimination;

    b. Plaintiff's CPLA claim to the extent that it is based on conduct outside the store; and

    c. Plaintiff's defamation claim;

5. Defendant's Motion is DENIED as to Plaintiff's CPLA claim to the extent that it is based on conduct within the store, and this action will proceed on this claim only;

6. Plaintiff's Motion (ECF No. 317) is DENIED in its entirety;

7. At such time as the Clerk enters final judgment on all claims in this action, the Clerk shall enter judgment in favor of Defendant and against Plaintiff as to Plaintiff's §§ 1981 and 1982 claims, Plaintiff's CPLA claim to the extent that it is based on conduct outside the store, and Plaintiff's defamation claim; and

8. Judge Varholak is encouraged to consider the utility of scheduling in the near future a status conference or such other proceeding as he decides is appropriate to move this litigation forward.

Dated this 16th day of April, 2021.

BY THE COURT:

*[signature]*

William J. Martínez
United States District Judge